**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Whitney Smith,<br><br>Plaintiff,<br><br>v.<br><br>Lily Wu, Stanley Wallach, and Louis Spinner,<br><br>Defendants. | Case No. 26-cv-01230-EFM-GEB |

**ORDER**

This matter is before the Court on Whitney Smith's Motion to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 3) and supporting Affidavit of Financial Status (ECF No. 3-1), Plaintiff's Motion for Appointment of Counsel (ECF No. 4), and Plaintiff's two Motions to Expedite (ECF Nos. 5 and 6). For the reasons outlined below, Plaintiff's IFP Motion **(ECF No. 3)** is **provisionally GRANTED**, Plaintiff's Motion for Appointment of Counsel **(ECF No. 4)** is **DENIED without prejudice**, and Plaintiff's Motions to Expedite **(ECF Nos. 5 and 6)** are **DENIED as moot.**

**I. Plaintiff's IFP Motion (ECF No. 3)**

Under 28 U.S.C. § 1915(a)(1), the Court has discretion to authorize filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to

pay such fees or give security thereof."[1] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] However, there is a "liberal policy" toward permitting proceedings *in forma pauperis* "when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay."[3]

When determining whether a party is eligible to file without prepayment of fees, the court reviews a party's financial affidavit and compares the monthly expenses with the monthly income disclosed therein.[4] While Plaintiff did file an Affidavit of Financial Status with the filing of her IFP Motion (*see* ECF Nos. 3 and 3-1), that Affidavit appears deficient in several respects. First, Plaintiff states that she owns real property, but fails to list the estimated value of such property, whether any debt is owed in relation to the property, and whether she receives any income from the property.[5] Second, Plaintiff also states she owns automobiles, but fails to describe those automobiles, list their estimated value, or whether any debt is owed on them.[6] Finally, Plaintiff lists no income and no expenses.[7]

Given the minimal information reported in the Affidavit of Financial Status, the Court would normally require Plaintiff to provide another financial affidavit and order her

---

[1] *See also Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. 1999)).

[2] *Barnett*, at *1 (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998), *cert. denied*, 526 U.S. 1008 (1999)).

[3] *Alexander v. Wichita Hous. Auth.,* No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Yellen v. Cooper,* 82 F.2d 1471 (10th Cir.1987)).

[4] *Id.* (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. April. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[5] *See* ECF No. 3-1 at 3.

[6] *Id.* at 4.

[7] *Id.* at 2-6.

to ensure such affidavit contains a complete and accurate accounting of her current financial situation. However, because the undersigned is filing a recommendation of dismissal concurrently with this Order, the Court will not require Plaintiff to provide an updated affidavit at this time, but instead **provisionally GRANTS** her IFP Motion pending review by the District Judge of the Report and Recommendation of Dismissal. Should Plaintiff's case survive this recommendation of dismissal, the undersigned will reevaluate the issue of requiring another financial affidavit.

### II. Plaintiff's Motion for Appointment of Counsel (ECF No. 4)

On July 23, 2026, Plaintiff filed a Motion for Appointment of Counsel (ECF No. 4). As stated in that Motion, the Court "typically requires that before seeking an appointed attorney, a plaintiff confer with (not merely contact) at least five attorneys regarding legal representation."[8] Here, Plaintiff lists contacts with only two attorneys and fails to state the dates of such contacts, the method of such contacts, and the responses received.[9] Furthermore, these attorneys appear to be governmental attorneys practicing criminal law in another state, and thus would normally not be able to represent a litigant in a civil case in a different state.[10] Therefore, because Plaintiff has failed to confer with at least five attorneys and because, as stated above, the undersigned is recommending dismissal of Plaintiff's case, the Court **DENIES without prejudice** Plaintiff's Motion for Appointment of Counsel. Should Plaintiff's case survive this recommendation of dismissal, she may re-

---

[8] ECF No. 4 at 2.
[9] *Id.*
[10] *Id.*

file a motion for appointment of counsel after sufficiently conferring with an appropriate number of attorneys.

### III. Plaintiff's Motions to Expedite (ECF Nos. 5 and 6)

On August 3, 2026 and August 13, 2026, Plaintiff filed two Motions to Expedite (*see* ECF Nos. 5 and 6). The Court has reviewed both Motions and fails to discern how either relate to the claims alleged in her Complaint (ECF No. 1). However, the Court will construe these Motions as a request to expedite a review of her IFP Motion and the screening of her case that is required by 28 U.S.C. § 1915(e)(2)(B) when plaintiffs seek to proceed in a case without prepayment of fees. Because this Order contains a ruling on Plaintiff's IFP Motion and because the undersigned is contemporaneously filing herewith a recommendation of dismissal of Plaintiff's case under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted, the Court **DENIES these requests to expedite as moot**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *in forma pauperis* **(ECF No. 3)** is **provisionally GRANTED**, Plaintiff's Motion for Appointment of Counsel **(ECF No. 4)** is **DENIED without prejudice**, and Plaintiff's Motions to Expedite **(ECF Nos. 5, 6)** are **DENIED as moot.** Although service of process would normally be undertaken by the clerk of court pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the clerk is directed to stay service of process pending the District Judge's review of the Report and Recommendation being filed simultaneously.[11]

[11] *See Webb. v. Vratil,* No. 12-2588-EFM, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e) and jurisdictional review).

**IT IS SO ORDERED.**

Dated this 18th day of August 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge